

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-91,886-02

### EX PARTE TIMOTHY DECARLOS SIMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27895 HC-2 IN THE 6TH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated assault and sentenced to eighty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Sims v. State*, No. 06-19-00016-CR (Tex. App.—Texarkana Jul. 31, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he failed to file a pre-trial motion requesting appointment of a medical expert and adequately investigate the case, which Applicant argues were necessary to show that Lakesha Reeves's orbital rim fracture did not constitute "serious bodily injury" and was potentially attributable to a prior accident. Applicant

also contends that appellate counsel was ineffective because he failed to (1) timely challenge the sufficiency of the evidence via a motion for new trial; and (2) raise a claim on direct appeal that the trial court improperly denied trial counsel's request for the lesser-included offense instruction of misdemeanor assault.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Robbins*, 528 U.S. 259 (2000); *Ex parte Miller*, 330 S.W.3d 610 (Tex. Crim. App. 2009). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, transcripts from hearings and depositions, and copies of the reporter's records from Applicant's trial. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 22, 2022
Do not publish